UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER J. NICHOLS,

       Plaintiff,                         Case No: 1:12-cv-995

v                                             HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

## OPINION AND ORDER

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration denying his claim for disability insurance benefits (DIB). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court affirm the decision of the Administrative Law Judge (ALJ) rendered on behalf of the Commissioner. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of the portions of the Report and Recommendation to which Plaintiff objects. The Court denies the objections and enters this Opinion and Order.

The ALJ issued a decision finding that Plaintiff was not disabled. Plaintiff argued, in pertinent part, that the ALJ's decision should be overturned because (1) "[t]he ALJ committed reversible error by not properly considering the opinions of Plaintiff's treating physicians and counselor;" and (2) "[t]he ALJ committed reversible error by failing to follow the vocational expert's answers to accurate hypothetical questions" (Dkt 15, Pl.'s Br. at 17).

As a threshold matter, the Magistrate Judge pointed out that Plaintiff's arguments were based on evidence that he never presented to the ALJ, evidence principally consisting of a subsequent award of DIB benefits for a later period (R&R, Dkt 21 at 6). The Magistrate Judge recommended that Plaintiff's request for a sentence six remand be denied "because he has not addressed, much less carried, his statutory burden" (*id.* at 8, citing *Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646 (6th Cir. 2009) (holding that a subsequent administrative decision awarding benefits does not satisfy the plaintiff's burden under sentence six)).

The Magistrate Judge therefore evaluated Plaintiff's two arguments on the record presented to the ALJ, rejecting both arguments. The Magistrate Judge pointed out that the first issue of purported ALJ bias was not presented in Plaintiff's statement of errors and is therefore considered waived (R&R, Dkt 21 at 10, citing *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 513 (6th Cir. 2010); *York v. Astrue*, No. 3:12-cv-188, 2013 WL 796288, at *5 (S.D. Ohio Mar. 4, 2013); *Oudsema v. Comm'r of Soc. Sec.*, No. 1:11-cv-1264, 2013 WL 588925, at *5 (W.D. Mich. Feb. 13, 2013)). The Magistrate Judge determined that even assuming the issue had not been waived, it is meritless where neither the hearing transcript nor the ALJ's decision reveals evidence of bias (*id.* at 10-11).

Second, the Magistrate Judge rejected Plaintiff's arguments that the ALJ misapplied the treating physician rule. The Magistrate Judge determined that the ALJ properly found that the restrictions suggested by social worker Brooke Mol were not supported by the objective medical evidence of record or Plaintiff's daily activities, which included his ability to travel to a foreign country and perform work without incident (R&R, Dkt 21 at 15). The Magistrate Judge determined that the ALJ also properly found that the extreme restrictions suggested by treating psychiatrist John Mitchell, M.D. in his residual functional capacity (RFC) questionnaire responses were not supported

by the objective medical evidence of record or Plaintiff's daily activities, or even by Dr. Mitchell's own records (*id.* at 17). The Magistrate Judge determined that the ALJ's decision to give little weight to the opinion of psychologists Dennis Mulder and Joseph Bechard, consultative examiners, was well-supported and entirely consistent with applicable law (*id.* at 20).

The Magistrate Judge also rejected Plaintiff's argument that the ALJ committed reversible error "by failing to follow the vocational expert's answers to accurate hypothetical questions" posed by Plaintiff's attorney (R&R, Dkt 21 at 20, quoting Pl. Brief, Dkt 15 at 17, 20). According to the Magistrate Judge, the ALJ's factual findings regarding Plaintiff's RFC and the credibility of his testimony are supported by more than substantial evidence (*id.* at 21).

In his objections to the Report and Recommendation, Plaintiff indicates his objective to "incorporate[]" the arguments he presented to the Magistrate Judge and "add[] to them" (Objs., Dkt 23 at 1). However, Plaintiff's discussion of the ALJ's credibility determination and the hypothetical questions posed to the vocational expert contains no reference to the Magistrate Judge's analysis of these two issues. Plaintiff's "objection" to the Report and Recommendation merely reiterates the arguments he presented to the Magistrate Judge.

A party filing objections to a report and recommendation is required to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b); *see also Freeman v. Sec'y of Health & Human Servs.*, 972 F.2d 347, at *2 (6th Cir. 1992) (The "purpose [of filing objections] is not served if the district court is required to conduct a complete, de novo review of all of the pleadings that were considered by the magistrate judge."). Plaintiff's arguments on these two topics demonstrate,

3

at best, merely his disagreement with the ALJ's decision, and not any factual or legal error in the Magistrate Judge's review for this Court to consider or correct.

On the issue of the application of the treating physician rule, Plaintiff argues that the Magistrate Judge erred in "supporting the ALJ's opinion by elevating of [sic] the opinion of the non-examining psychiatrist over multiple treating sources and from the consultative examiners at [sic] well" (Objs., Dkt 23 at 4, citing *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365 (6th Cir. 2013)). Plaintiff argues that the Magistrate Judge erred in "discard[ing] opinions from both treating and examining sources regarding whether Plaintiff met a Listing or whether his restrictions were disabling 'because those issues are reserved for the Commissioner'" (*id.* at 4, quoting R&R, Dkt 21 at 20). According to Plaintiff, "the R&R, like the ALJ's opinion, is a study in avoidance" inasmuch as "[b]oth spend pages picking out the occasional medical or psychiatric visit in which Plaintiff was claim or stable, all the while missing the overall picture of an ongoing mental impairment of epic proportions" (*id.*).

In *Gayheart*, 710 F.3d at 375-76, the Sixth Circuit Court of Appeals delineated the standards for weighing medical opinions, concluding in that case that the ALJ had provided "a modicum of reasoning" relevant to how the physician's opinions should be weighed after determining that they were not controlling and specifically failed to identify the substantial evidence that was purportedly inconsistent with the physician's opinions, *id.* at 377. The Sixth Circuit also found that the ALJ "ignor[ed]" a "large portion of the record" without explanation and failed to acknowledge inconsistencies in the opinions of the consultative doctors. *Id.* at 379. In remanding the case for reconsideration, the Sixth Circuit observed that "a properly balanced analysis might allow the

Commissioner to ultimately defer more to the opinions of consultative doctors than to those of treating physicians." *Id.* at 379-80.

Here, in contrast to the ALJ's analysis in *Gayheart*, the Magistrate Judge found that the ALJ "easily" met the standard for considering the opinion provided by social worker Mol, had not violated the treating physician rule in considering the opinion provided by treating psychiatrist Mitchell, and "carefully considered" the opinions provided consulting psychologists Mulder and Bechard. Moreover, the Magistrate Judge determined that the ALJ's reconciliation and weighing of the opinions was supported by substantial evidence in the record.

Plaintiff characterizes the Report and Recommendation as a "study in avoidance," but the Court agrees with the Magistrate Judge that Plaintiff's emphasis on certain "pieces of evidence" on which the ALJ "could have" based a finding in Plaintiff's favor is simply insufficient (R&R, Dkt 21 at 17). That Plaintiff disagrees, for various reasons, with the construction and weight the ALJ gave the opinions does not demonstrate error requiring reversal. As the *Gayheart* Court recognized, it is well established that "[a] reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion." 710 F.3d at 374; *see also Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854-55 (6th Cir. 2010) ("Even if this Court might have reached a contrary conclusion of fact, the Commissioner's decision must be affirmed so long as it is supported by substantial evidence."); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003) ("[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ."); *Buxton v. Halter*, 246 F.3d 762, 772-73 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely

because there exists in the record substantial evidence to support a different conclusion … This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference."); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993) ("If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently.").

In sum, Plaintiff's objections reveal no error by the Magistrate Judge requiring a disposition other than the affirmance recommended by the Magistrate Judge. Accordingly:

**IT IS HEREBY ORDERED** that the Objections (Dkt 23) are DENIED, the Report and Recommendation of the Magistrate Judge (Dkt 21) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED. A Judgment will be entered consistent with this Opinion and Order.


Dated: August 28, 2014                         /s/ Janet T. Neff
                                               JANET T. NEFF
                                               United States District Judge